IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TAKEDA PHARMACEUTICALS U.S.A., INC. and TAKEDA PHARMACEUTICAL COMPANY LTD., | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No._____ |
| v. | ) | |
| | ) | |
| SUN PHARMACEUTICAL INDUSTRIES LTD. and SUN PHARMACEUTICAL INDUSTRIES, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs Takeda Pharmaceuticals U.S.A., Inc. and Takeda Pharmaceutical Company Ltd. (collectively, "Takeda" or "Plaintiffs"), by their undersigned attorneys, for their Complaint against Sun Pharmaceutical Industries Ltd. and Sun Pharmaceutical Industries, Inc. (collectively, "Sun" or "Defendants"), allege:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, involving United States Patent Nos. 8,846,100 ("the '100 patent"), and 9,173,857 ("the '857 patent"), attached hereto as Exhibits A and B, respectively (collectively, "the patents in suit").

## THE PARTIES

2. Plaintiff Takeda Pharmaceuticals U.S.A., Inc. is a corporation organized and existing under the laws of the State of Delaware, and its principal place of business is located at 95 Hayden Avenue, Lexington, Massachusetts 02421.

3.      Plaintiff Takeda Pharmaceutical Company Ltd. is a Japanese corporation, having a principal place of business at 1-1, Doshomachi 4-chome, Chuo-ku, Osaka, Japan.

4.      Upon information and belief, Sun Pharmaceutical Industries Ltd. is a company organized and existing under the laws of the Republic of India, with a principal place of business at Sun House, CTS No. 201 B/1, Western Express Highway, Goregaon (E), Mumbai 400063, India.

5.      Upon information and belief, Sun Pharmaceutical Industries Ltd., alone or in concert with and/or through related entities (including Sun Pharmaceutical Industries, Inc.), is in the business of, among other things: (i) the development and manufacture of generic versions of branded pharmaceutical products for sale throughout the United States, including throughout the State of Delaware; (ii) the preparation, submission, and filing of Abbreviated New Drug Applications seeking approval from the U.S. Food and Drug Administration ("FDA") to market generic drugs throughout the United States, including throughout the State of Delaware; and (iii) the distribution of generic pharmaceutical products for sale throughout the United States, including throughout the State of Delaware.

6.      Upon information and belief, defendant Sun Pharmaceutical Industries, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 2 Independence Way, Princeton, New Jersey 08540.

7.      Upon information and belief, Sun Pharmaceutical Industries, Inc., alone or in concert with and/or through related entities (including Sun Pharmaceutical Industries Ltd), is in the business of, among other things: (i) the development and manufacture of generic versions of branded pharmaceutical products for sale throughout the United States, including throughout the State of Delaware; (ii) the preparation, submission, and filing of Abbreviated New Drug

Applications seeking FDA approval to market generic drugs throughout the United States, including throughout the State of Delaware; and (iii) the distribution of generic pharmaceutical products for sale throughout the United States, including throughout the State of Delaware.

8.     Upon information and belief, Defendant Sun Pharmaceutical Industries, Inc. is a wholly-owned subsidiary of Defendant Sun Pharmaceutical Industries Ltd.

9.     Upon information and belief, Defendants Sun Pharmaceutical Industries Ltd. and Sun Pharmaceutical Industries, Inc. acted in concert to prepare and submit Abbreviated New Drug Application ("ANDA") No. 215997 ("Sun's ANDA") to the FDA.

10.     Upon information and belief, following any FDA approval of Sun's ANDA, Defendants Sun Pharmaceutical Industries Ltd. and Sun Pharmaceutical Industries, Inc. will act in concert to manufacture, sell, and distribute a generic version of mixed salts of a single-entity amphetamine product, extended-release capsules, the product that is the subject of Sun's ANDA, throughout the United States, including within the State of Delaware.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12.     Upon information and belief, Sun Pharmaceutical Industries Ltd. is the fourth largest specialty generic pharmaceutical company in the world[1], and together with Sun Pharmaceutical Industries, Inc., is continuing to expand its product portfolio in the United States market[2] such that formulation sales in the United States for the full year ending March 31, 2022

---

[1] *See* https://sunpharma.com/about-us/ (last visited June 30, 2022).
[2] *See* https://sunpharma.com/usa/ (last visited June 30, 2022).

were US$ 1,526 million[3].  Upon information and belief, Sun Pharmaceutical Industries Ltd. is the "9th largest generics company in US with a strong pipeline (88 ANDAs & 13 NDAs awaiting approval)."[4]  Upon information and belief, 30% of Sun Pharmaceutical Industries Ltd.'s revenue is generated in the United States[5], with "512 ANDAs & 53 NDAs approved across multiple therapies[6].

13.    This Court has personal jurisdiction over Defendant Sun Pharmaceutical Industries Ltd. at least because of, upon information and belief, Sun Pharmaceutical Industries Ltd. develops and manufactures generic pharmaceutical products that are imported, distributed, and sold throughout the United States—including in Delaware—and thus avails itself of the privileges and benefits of the laws and commerce of the United States, including of Delaware.

14.    Upon information and belief, Sun Pharmaceutical Industries Ltd. derives substantial revenue from the sale of generic pharmaceutical products throughout the United States, including in Delaware.

15.    This Court has personal jurisdiction over Defendant Sun Pharmaceutical Industries Ltd. at least because, upon information and belief, Sun Pharmaceutical Industries Ltd., together with Sun Pharmaceutical Industries, Inc., sell, offer for sale, and distribute generic pharmaceutical products for which Sun Pharmaceutical Industries Ltd. is the named ANDA applicant.

16.    Upon information and belief, Sun Pharmaceutical Industries Ltd. is the named ANDA applicant of Sun's ANDA, the subject of this patent infringement litigation.

---

[3] *See* https://sunpharma.com/wp-content/uploads/2022/05/Press-Release-Sun-Pharma-Q4FY22-Financial-Result.pdf (last visited June 30, 2022).

[4] *See* https://sunpharma.com/usa/wp-content/uploads/sites/2/2022/03/SPIL-IR-Presentation-March-2022-INR.pdf at slide 6 (internal citation omitted) (last visited July 1, 2022).

[5] *See* https://sunpharma.com/usa/wp-content/uploads/sites/2/2022/03/SPIL-IR-Presentation-March-2022-INR.pdf at slide 18 (last visited July 1, 2022).

[6] *See id*. at slide 19.

17.  This Court has personal jurisdiction over Defendant Sun Pharmaceutical Industries Ltd. at least because, upon information and belief, Sun Pharmaceutical Industries Ltd. has previously consented to personal jurisdiction in this Court,[7] and has availed itself of the rights and protections provided by this Court, including having invoked this Court's jurisdiction by asserting counterclaims in prior litigations.[8]

18.  Alternatively, if Sun Pharmaceutical Industries Ltd.'s connections with Delaware, including its connections with Sun Pharmaceutical Industries, Inc., are found to be insufficient to confer personal jurisdiction upon it in the State of Delaware, then, upon information and belief, Sun Pharmaceutical Industries Ltd. is not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction over Sun Pharmaceutical Industries Ltd. in Delaware is consistent with the United States Constitution and laws. *See* Fed. R. Civ. P. 4(k)(2).

19.  This Court has personal jurisdiction over Defendant Sun Pharmaceutical Industries, Inc. at least because Sun Pharmaceutical Industries, Inc. has purposefully availed itself of the benefits and protections of Delaware's laws.  Upon information and belief, Sun Pharmaceutical Industries, Inc. is a corporation organized and existing under the laws of the State of Delaware and is registered and qualified to do business within the State of Delaware (File No. 7893212), and has appointed Corporation Service Company as its registered agent for service of process in Delaware, such company having an address at 251 Little Falls Drive, Wilmington, Delaware 19808.

---

[7] *See, e.g.*, *Pfizer Inc., et al. v. Sun Pharmaceutical Industries, LTD, et al.*, C.A. No. 22-161 (D. Del. Feb. 4, 2022), D.I. 20, Sun's Answer at ¶ 15; *Novo Nordisk Inc., et al. v. Sun Pharmaceutical Industries Ltd., et al.*, C.A. No. 22-296 (D. Del. Mar. 4, 2022), D.I. 11, Sun's Answer at ¶¶ 10, 12; *Allergan USA, Inc., et al. v. Sun Pharmaceutical Industries Ltd.*, C.A. No. 19-1727 (D. Del. Sept. 13, 2019), D.I. 27, Sun Pharmaceutical Industries LTD.'s Answer at ¶ 7.

[8] *See, e.g., Allergan USA, Inc., et al. v. Sun Pharmaceutical Industries Ltd.*, C.A. No. 19-1727 (D. Del. Sept. 13, 2019), D.I. 27, Sun Pharmaceutical Industries LTD.'s Counterclaims at ¶¶ 1-39.

20.    This Court has personal jurisdiction over Defendants at least because, upon information and belief, if Sun's ANDA receives final FDA approval, the products that are the subject of Sun's ANDA will be manufactured by Defendants and offered for sale, sold, distributed, and/or used by Defendants in the United States, including in the State of Delaware.

21.    This Court has personal jurisdiction over Defendants at least because, upon information and belief, if Sun's ANDA receives final approval, the product that is the subject of Sun's ANDA will be prescribed by physicians in the United States, including those practicing in Delaware and/or administered to patients in the United States, including those residing in Delaware.

22.    Venue is proper in this district under 28 U.S.C. §§ 1391 and/or 1400(b).

23.    Venue is proper in this district as to Sun Pharmaceutical Industries Ltd. pursuant to 28 U.S.C. § 1391 because, *inter alia*, Sun Pharmaceutical Industries Ltd. is a foreign company organized and existing under the laws of the Republic of India and is subject to personal jurisdiction in this judicial district.

24.    Venue is proper in this district as to Sun Pharmaceutical Industries, Inc. pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Sun Pharmaceutical Industries, Inc. is a corporation organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this judicial district.

## BACKGROUND FACTS

25.    Plaintiff Takeda Pharmaceuticals U.S.A., Inc. owns New Drug Application No. 022063 for mixed salts of a single-entity amphetamine product, extended-release capsules, 12.5 mg, 25 mg, 37.5 mg, and 50 mg, which was approved on June 20, 2017 and is marketed under the name Mydayis®. Mydayis® is supplied as 12.5 mg, 25 mg, 37.5 mg, and 50 mg strength capsules

for oral administration that contain three types of drug-releasing beads, an immediate-release and two different types of delayed-release beads.

26.     Mydayis® is a central nervous system (CNS) stimulant indicated for the treatment of Attention Deficit Hyperactivity Disorder (ADHD) in patients 13 years and older.

27.     The '100 patent, entitled "Controlled Dose Drug Delivery System" was duly and legally issued by the United States Patent and Trademark Office on September 30, 2014.  Plaintiff Takeda Pharmaceutical Company Ltd. owns the '100 patent.

28.     The '857 patent, entitled "Controlled Dose Drug Delivery System" was duly and legally issued by the United States Patent and Trademark Office on November 3, 2015.  Plaintiff Takeda Pharmaceutical Company Ltd. owns the '857 patent.

29.     Pursuant to 21 U.S.C. § 355(b)(1), the '100 and '857 patents are listed in the FDA's publication titled "Approved Drug Products with Therapeutic Equivalence Evaluations" (commonly known as the "Orange Book") as covering Mydayis®.

30.     The FDA's Orange Book lists the "Patent Expiration" for the '100 and '857 patents as August 24, 2029 and May 12, 2026, respectively.

31.     Under 21 U.S.C. § 355(j)(2)(B), the filer of an Abbreviated New Drug Application containing a paragraph IV certification must provide notice of the filing to each patent owner and each New Drug Application holder.  Under 21 U.S.C. § 355(j)(2)(B)(iv)(II), such notice must "include a detailed statement of the factual and legal basis of the opinion of the applicant that the patent is invalid or will not be infringed."  Likewise, 21 C.F.R. § 314.95(c)(7) requires that such notice include a "detailed statement of the factual and legal basis of the applicant's opinion that the patent is not valid, unenforceable, or will not be infringed."  The detailed statement must include: "For each claim of a patent alleged not to be infringed, a full and detailed explanation of

why the claim is not infringed" and "[f]or each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the ground supporting the allegation." 21 C.F.R. § 314.95(c)(7)(i)–(ii).

32. Defendant Sun Pharmaceutical Industries Ltd. sent a letter dated May 24, 2022 regarding Sun's ANDA to Takeda Pharmaceuticals USA, Inc. and Takeda Pharmaceutical Company Ltd., purportedly pursuant to 21 U.S.C § 505(j)(2)(B)(i)-(iv) of the Federal Food, Drug, and Cosmetic Act and 21 C.F.R. § 314.95 (the "Notice Letter").

33. The Notice Letter states that the product that is the subject of Sun's ANDA for which approval is being sought is "mixed salts of a single-entity amphetamine product (amphetamine aspartate monohydrate; amphetamine sulfate; dextroamphetamine saccharate; and dextroamphetamine sulfate) oral extended release capsules, 3.125 mg, 6.25 mg, 9.375 mg, and 12.5 mg strengths, related to [Takeda Pharmaceuticals USA, Inc.'s] Mydayis® product approved as New Drug Application ('NDA') No. 022063" ("Sun's ANDA Product").[9]

34. The Notice Letter states that Sun's "ANDA was submitted under 21 U.S.C. §§ 355(j)(l) and 2(A), with a Paragraph IV Certification to obtain approval to engage in the commercial manufacture, use or sale of the Sun ANDA Product before the expiration of the [patents in suit], which are listed in the Patent and Exclusivity Information Addendum of FDA's

---

[9] The Notice Letter indicates that each dosage strength of Sun's ANDA Product contains the enumerated amounts of each of the four amphetamine salts in Sun's ANDA Product. As such, Sun's 3.125 mg ANDA Product contains 3.125 mg of each of the four amphetamine salts, making the total amount of amphetamine salt 12.5 mg, the same amount of amphetamine salt in the 12.5 mg dosage strength of Mydayis®. Similarly, Sun's 6.25 mg ANDA Product contains 25 mg amphetamine salt, Sun's 9.375 mg ANDA Product contains 37.5 mg amphetamine salt, and Sun's 12.5 mg ANDA Product contains 50 mg amphetamine salt, making these dosage strengths the same as the 25 mg, 37.5 mg, and 50 mg dosage strengths, respectively, of Mydayis®.

publication, *Approved Drug Products with Therapeutic Equivalence Evaluations* (*i.e.*, 'the Orange Book') in connection with Mydayis®."

35.     The Notice Letter (i) states that "[p]ursuant to 21 C.F.R. § 314.95(c)(6), we advise you that the patents alleged to be invalid and/or unenforceable and/or not infringed in the Paragraph IV Certification, the [patents in suit], are listed in the Orange Book in connection with [Takeda Pharmaceuticals U.S.A., Inc.'s] approved NDA 022063", (ii) identifies those patents as the '857 patent and the '100 patent, and (iii) acknowledges their expiration dates in the Orange Book as May 12, 2026 and August 24, 2029, respectively.

36.     The Notice Letter does not include any invalidity contentions with respect to either of the patents in suit.

37.     The Notice Letter does not include any unenforceability contentions with respect to either of the patents in suit.

38.     The Notice Letter included an Offer of Confidential Access ("OCA") purportedly pursuant to 21 U.S.C. § 355(j)(5)(C) and 21 C.F.R . § 314.95(c)(8).  Plaintiffs objected to certain provisions of the OCA as unduly restrictive and unnecessary.  By letter to the designated agent for OCA correspondence, Plaintiffs proposed OCA revisions that comport with provisions that "would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information." *See* 21 U.S.C. § 355.  Plaintiffs have not received a response to this correspondence as of the time of this filing.

## FIRST COUNT
(Defendants' Infringement of the '100 patent)

39.     Plaintiffs repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

9

40. Upon information and belief, Sun has submitted Sun's ANDA to the FDA for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Sun's ANDA Product—a product claimed in the '100 patent—before the expiration of the '100 patent.

41. Upon information and belief, Sun included in Sun's ANDA a paragraph IV certification in an attempt to obtain approval to engage in the commercial manufacture, use, or sale of Sun's ANDA Product before the expiration of the '100 patent.

42. Upon information and belief, Sun will commercially manufacture, use, sell, offer for sale, and/or import Sun's ANDA Product upon, or in anticipation of, FDA approval.

43. The submission of Sun's ANDA with a paragraph IV certification for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Sun's ANDA Product before the expiration of the '100 patent is itself an act of infringement under 35 U.S.C. § 271(e)(2)(A) by Sun of one or more claims of the '100 patent.

44. Upon information and belief, Sun's commercial manufacture, use, sale, offer for sale of, and/or importation into the United States of Sun's ANDA Product would infringe, directly and/or indirectly one or more claims of the '100 patent under 35 U.S.C. § 271 *et seq.*, including under 35 U.S.C. § 271(a), 35 U.S.C. § 271(b), and/or 35 U.S.C. § 271(c).

45. Sun knew of the existence of the '100 patent, as evidenced by Sun's filing of Sun's ANDA with a paragraph IV certification specifically referencing the '100 patent.

46. Sun's infringement of the '100 patent will cause Plaintiffs to suffer irreparable harm. Sun's infringement will continue unless enjoined by the Court. Plaintiffs have no adequate remedy at law and thus preliminary and permanent injunctions are appropriate to prohibit Sun from infringing the '100 patent.

47.     At least as of the date of the Notice Letter, Sun was aware of the existence of the '100 patent—as well as the statutory provisions and regulations set forth in 21 U.S.C. § 355 and 21 C.F.R. § 314.95—and acted without a reasonable basis for believing that it would not infringe one or more valid claims of the '100 patent.

48.     This case is "exceptional," and Plaintiffs are entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

## SECOND COUNT
(Defendants' Infringement of the '857 patent)

49.     Plaintiffs repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

50.     Upon information and belief, Sun has submitted Sun's ANDA to the FDA for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Sun's ANDA Product—a product claimed and the methods of treatment of which are claimed in the '857 patent—before the expiration of the '857 patent.

51.     Upon information and belief, Sun included in Sun's ANDA a paragraph IV certification in an attempt to obtain approval to engage in the commercial manufacture, use, or sale of Sun's ANDA Product before the expiration of the '857 patent.

52.     Upon information and belief, Sun will commercially manufacture, use, sell, offer for sale, and/or import Sun's ANDA Product upon, or in anticipation of, FDA approval.

53.     The submission of Sun's ANDA with a paragraph IV certification for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Sun's ANDA Product before the expiration of the '857 patent is itself an act of infringement under 35 U.S.C. § 271(e)(2)(A) by Sun of one or more claims of the '857 patent.

11

54. Upon information and belief, Sun's commercial manufacture, use, sale, offer for sale of, and/or importation into the United States of Sun's ANDA Product would infringe directly and/or indirectly (including by inducement and/or contributory infringement) one or more claims of the '857 patent under 35 U.S.C. § 271 *et seq.*, including under 35 U.S.C. § 271(a), 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

55. Sun knew of the existence of the '857 patent, as evidenced by Sun's filing of Sun's ANDA with a paragraph IV certification specifically referencing the '857 patent.

56. Upon information and belief, the commercial manufacture, use, offer to sell, or sale of the Sun's ANDA Product prior to the expiration of the '857 patent will directly infringe the '857 patent under 35 U.S.C. § 271(a), will actively induce another's infringement of the '857 patent under 35 U.S.C. § 271(b), and will constitute contributory infringement of the '857patent under 35 U.S.C. § 271(c).

57. Upon information and belief, Sun's ANDA Product will be marketed with labeling, a package insert, and/or a medication guide that substantially copies the corresponding labeling, package insert, and/or medication guide for Mydayis®.

58. Upon information and belief, the label, package insert, and/or medication guide for Sun's ANDA Product that will be made available to third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) upon FDA approval of Sun's ANDA will encourage, advise, instruct, urge, aid, and otherwise induce such third parties to perform one or more of the methods claimed in the '857 patent.

59. Upon information and belief, the use of Sun's ANDA Product by third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) according to the instructions on the label, package insert, and/or medication

guide of Sun's ANDA Product will constitute an act of direct infringement of one or more of the methods claimed in the '857 patent.

60.     Upon information and belief, by making, using, selling, offering for sale, and/or importing into the United States Sun's ANDA Product and/or distributing the corresponding labeling, package insert, and/or medication guide, Sun will knowingly encourage, advise, instruct, urge, aid, and otherwise induce third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists), to make, use, sell, offer for sale, and/or import into the United States products that infringe the claims, or the making or use of which infringes the claims, of the '857 patent.

61.     Upon information and belief, Sun intends such infringement by third parties, as Sun is in the business of developing, manufacturing, marketing, selling, and distributing generic pharmaceutical products throughout the United States.  Upon information and belief, Sun knows that its actions will induce acts that constitute direct infringement of claims of the '857 patent by, e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists.

62.     Upon information and belief, by offering for sale or selling within the United States or importing into the United States Sun's ANDA Product and/or distributing the corresponding labeling, package insert, and/or medication guide, Sun will contribute to the infringement of the '857 patent by third parties because: (i) Sun's ANDA Product constitutes a material part of the methods of treatment claimed in the '857 patent; (ii) Sun knows or should know that Sun's ANDA Product will be made for uses that directly infringe the methods of treatment claimed in the '857 patent; and (iii) Sun's ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing uses.

63.    Upon information and belief, Sun has acted with full knowledge of the '857 patent and its claims and without a reasonable basis for believing that Sun would not be liable for infringement of the '857 patent.  Sun knew of the existence of the '857 patent, as evidenced by Sun's filing of Sun's ANDA with a paragraph IV certification specifically referencing the '857 patent.  Notwithstanding this knowledge, Sun has continued to signal its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Sun ANDA Product before the expiration of the patents in suit.  Upon information and belief, through such activities, Sun specifically intends infringement of the '857 patent.

64.    Sun's infringement of the '857 patent will cause Plaintiffs to suffer irreparable harm.  Sun's infringement will continue unless enjoined by the Court.  Plaintiffs have no adequate remedy at law and thus preliminary and permanent injunctions are appropriate to prohibit Sun from infringing the '857 patent.

65.    This case is "exceptional," and Plaintiffs are entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

A.    A judgment declaring that, pursuant to 35 U.S.C. § 271(e)(2)(A), the submission to the FDA of  Sun's ANDA with a paragraph IV certification for the purpose of obtaining FDA approval to engage in the commercial manufacture, use, or sale of Sun's ANDA Product before the expiration of the '100 and '857 patents constitutes an act of infringement of the '100 and '857 patents by Defendants;

B.    A judgment declaring that, pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c), the commercial manufacture, use, sale, offer for sale, and/or importation in the United States of Sun's

14

ANDA Product before the expiration of the '100 and '857 patents (including any regulatory extension and/or exclusivity) would directly and/or indirectly infringe the '100 and '857 patents;

C.      A judgment declaring that the '100 and '857 patents are valid and enforceable;

D.      An order that, pursuant to 35 U.S.C. § 271(e)(4)(A), § 281, and § 283, the effective date of any final approval of Sun's ANDA Product shall be no earlier than the latest expiration date of any of the patents in suit (including any regulatory extension and/or exclusivity);

E.      An order, pursuant to 35 U.S.C. § 271(e)(4)(B), § 281, and § 283, preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, and any person in active concert or participation or privity with Defendants, from engaging in the commercial manufacture, use, offering to sell, sale within the United States, and/or importation into the United States, of Sun's ANDA Product until the latest expiration date of any of the patents in suit (including any regulatory extension and/or exclusivity);

F.      A judgment, pursuant to 35 U.S.C. § 271(e)(4)(C) and § 284, awarding Plaintiffs damages or other monetary relief if Defendants commercially manufacture, use, offer to sell, sell within the United States, and/or import into the United States any product that is the subject of Sun's ANDA prior to the expiration of the patents in suit (including any regulatory extension and/or exclusivity);

G.      A judgment, pursuant to 35 U.S.C. § 271(e)(4)(C) and § 284, awarding Plaintiffs enhanced damages if Defendants commercially manufacture, use, offer to sell, sell within the United States, and/or import into the United States any product that is the subject of Sun's ANDA, prior to the expiration of the patents in suit (including any regulatory extension and/or exclusivity);

H.      A judgment, pursuant to 35 U.S.C. § 285, declaring that this is an exceptional case and awarding Plaintiffs their attorneys' fees and costs;

I.      A judgment awarding Plaintiffs their costs under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920; and

J.      Such other and further relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs*

OF COUNSEL:

Edgar H. Haug
Sandra Kuzmich, PhD
Nicholas F. Giove
HAUG PARTNERS LLP
745 Fifth Avenue
New York, NY 10151
(212) 588-0800

_____
Jack B. Blumenfeld (#1014)
Karen Jacobs (#2881)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
kjacobs@morrisnichols.com

*Attorneys for Plaintiffs*

July 7, 2022

16